**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| BOLERO CORPORATION t/a BOLERO MOTEL & BLUE WATER GRILLE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. _____ |
| | : | |
| v. | : | |
| | : | |
| LEXINGTON INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Lexington Insurance Company ("Lexington"), hereby removes to the United States District Court for the District of New Jersey the case captioned <u>Bolero Corporation t/a Bolero Motel & Blue Water Grille</u>, Civil Action No. L–214-17, Superior Court of New Jersey Law Division: Cape May County, and, as grounds for removal states as follows:

1.     On or about May 15, 2017, Bolero Corporation t/a Bolero Motel & Blue Water Grille ("Plaintiff") instituted suit by filing a Complaint against Lexington in the Superior Court of New Jersey Law Division: Cape May County (Civil Action No. L–214-17).  A copy of the Complaint is attached as Exhibit "A."

2.     On or after June 5, 2017, Plaintiff made service on the New Jersey Department of Banking and Insurance, authorized to accept service on behalf of Lexington.  A copy of the cover letter to Lexington is attached as Exhibit "B."

3.     The basis for federal court jurisdiction is 28 U.S.C. §1332, diversity of citizenship, which provides, in relevant part, that federal district courts have original

jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

4.     28 U.S.C. § 1441(a) provides that: "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant… to the district court of the United States for the district and division embracing the place where such action is pending."  The District Court of New Jersey embraces Hudson County.

5.     28 U.S.C. § 1446(b) provides for removal to be made within 30 days following receipt of the initial pleading.

6.     This Notice is being filed within 30 days of receipt of the Complaint, Exhibit "A," which was filed and served upon Lexington on June 5, 2017, as provided by 28 U.S.C. § 1446(b).

7.     Upon information and belief, Plaintiff was and is a New Jersey corporation with its principal place of business in Wildwood, New Jersey.

8.     Lexington is, and was at the time the Complaint was filed in New Jersey state court, a Delaware corporation with its principal place of business in Boston, Massachusetts.

9.     Plaintiff seeks damages in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332.  See Exhibit A, ¶ 16.

11.     Pursuant to the requirements of 28 U.S.C. §1446(a), Lexington has attached a copy of all process, pleadings and orders served on it.

12.     Pursuant to the requirements of 28 U.S.C. §1446(d), Lexington shall provide a copy of the Notice of Removal to Plaintiff and will file a certified copy of this

Notice with the Clerk of Courts of the Superior Court of New Jersey Law Division: Cape May County.

13.     Removal of Plaintiff's case to the United States District Court for the District of New Jersey is permitted under the circumstances of this case because all parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendant, Lexington Insurance Company, prays that this action, Bolero Corporation t/a Bolero Motel & Blue Water Grille, Civil Action No. L–214-17, Superior Court of New Jersey Law Division: Cape May County, be removed to the United States District Court for the District of New Jersey.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/Richard D. Gable, Jr.
RICHARD D. GABLE, JR., ESQ.
rgable@butler.legal
MICHAEL J. McLAUGHLIN, ESQ.
mmclaughlin@butler.legal
1818 Market Street, Suite 2740
Philadelphia, PA  19103
Telephone:  (215) 405-9191
Facsimile:   (215) 405-9190
*Attorneys for Defendant,*
Dated:  June 23, 2017          *Lexington Fire Insurance Company*

3

## CERTIFICATE OF SERVICE

I, Richard D. Gable, Jr., hereby certify that a true and correct copy of the foregoing Notice of Removal has been served on the following counsel of record via the Court's electronic filing system, on this 23rd day of June, 2017:


Frank P. Winston, Esq.
Lerner, Arnold & Winston, LLP
475 Park Avenue South, 28th Floor
New York, NY  10016
*Attorney for the Plaintiff*


s/Richard D. Gable, Jr.
RICHARD D. GABLE, JR., ESQ.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SUMO ENTERPRISES, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. _____ |
| v. | : | |
| | : | |
| LEXINGTON FIRE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## <u>PROOF OF FILING</u>

I, Richard D. Gable, Jr., hereby certify that a copy of the foregoing Notice of

Removal will be filed with the Clerk of the Superior Court of New Jersey immediately

upon receipt of the certified copy from the United States District Court for the District of

New Jersey.

BUTLER WEIHMULLER KATZ CRAIG LLP


s/Richard D. Gable, Jr.
RICHARD D. GABLE, JR., ESQ.
rgable@butler.legal
MICHAEL McLAUGHLIN, ESQ.
mmclaughlin@butler.legal
1818 Market Street, Suite 2740
Philadelphia, PA  19103
Telephone:  (215) 405-9191
Facsimile:   (215) 405-9190
*Attorneys for Defendant,*

Dated:  June 23, 2017                  *Lexington Fire Insurance Company*

# <u>EXHIBIT A</u>

LERNER, ARNOLD & WINSTON, LLP
Attorneys-At-Law
By: Frank P. Winston, Esq.
Attorney ID No.: 011522004
475 Park Avenue South, 28th Floor
New York, New York 10016
(212) 686-4655
Attorneys for Plaintiff

F I L E D

MAY 1 6 2017

CIVIL DIVISION
~~~~ COURT-CAPE MAY COU~~

---

BOLERO CORPORATION t/a BOLERO
MOTEL & BLUE WATER GRILLE,

              Plaintiff,

      -against-

LEXINGTON INSURANCE COMPANY,

              Defendant.

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION:
CAPE MAY COUNTY

DOCKET NO.: *CPH - L - 214 - 17*

CIVIL ACTION

**COMPLAINT AND
JURY TRIAL DEMAND**

---

The Plaintiff Bolero Corporation t/a Bolero Motel, by and through its attorneys Lerner,

Arnold & Winston, LLP, as and for its Complaint and Jury Trial Demand, respectfully alleges

upon information and belief as follows:

## PARTIES AND JURISDICTION

1.     At all times hereinafter mentioned, the Plaintiff Bolero Corporation t/a Bolero

Motel & Blue Water Grille (hereinafter "Plaintiff"), was and still is a domestic corporation

organized and existing under and by virtue of the laws of the State of New Jersey.

2.     At all times hereinafter mentioned, the Defendant Lexington Insurance Company

(hereinafter "Defendant") was and still is a foreign insurance entity domiciled in the State of

Massachusetts.

3.     At all times hereinafter mentioned, the Defendant was and still is authorized by

the New Jersey Department of Banking and Insurance to issue policies of insurance within the



1

State of New Jersey.

4.     At all times hereinafter mentioned, the Defendant did and still does transact business within the State of New Jersey, including but not limited to the issuance of insurance policies within the State of New Jersey.

<div align="center"><b><u>VENUE</u></b></div>

5.     Atlantic/Cape May Vicinage is an appropriate venue for this action pursuant to N.J. Court Rules, Rule 4:3-2(a)(3), in that Plaintiff's cause of action arose in Cape May County. In particular, the Plaintiff's property that is the subject of this action is located at 3320 Atlantic Avenue Wildwood, New Jersey 08260.

<div align="center"><b>BACKGROUND FACTS AND PLAINTIFF'S CAUSE OF ACTION FOR<br>BREACH OF CONTRACT AGAINST THE DEFENDANT</b></div>

6.     Prior to January 23, 2016, for good and valuable consideration, the Defendant issued to the Plaintiff a policy of insurance, bearing policy number "41-LX-019906121-2/000." (hereinafter referred to as the subject "insurance policy").

7.     The Plaintiff is a named insured within the subject insurance policy.

8.     The subject insurance policy insured the subject premises against all risks of loss.

9.     The subject insurance policy maintained effective dates of coverage from June 1, 2015 to June 1, 2016.

10.     At all times hereinafter mentioned, the Plaintiff maintained an insurable interest via the subject insurance policy.

11.     On and around January 23, 2016, the subject insurance policy afforded the Plaintiff with certain insurance coverage.

12.     On and around January 23, 2016, the subject insurance policy was in full force and effect.



2

13.     On and around January 23, 2016, while the subject insurance policy was in full force and effect, the Plaintiff's property was damaged as a result of a covered cause of loss.

14.     Subsequent to January 23, 2016, and pursuant to the terms of the subject insurance policy, the Plaintiff submitted an insurance claim to the Defendant seeking to be indemnified for the full amount of covered damages to the damaged property.

15.     Subsequent to the Plaintiff's submission of its insurance claim, the Defendant wrongfully denied partial of the Plaintiff's insurance claim.

16.     The Defendant has wrongfully failed to indemnify the Plaintiff for $140,315.91 of the damages to the damaged property as a result of the January 23, 2016 loss, despite the fact the same has been duly demanded.

17.     The Defendant's wrongful denial of the Plaintiff's insurance claim constitutes a breach of contract.

18.     The Defendant's wrongful failure to fully indemnify the Plaintiff for the damaged property as a result of the January 23, 2016 loss constitutes a breach of contract.

19.     The Plaintiff has complied with and shall continue to comply with all of the terms and conditions of the subject insurance policy.

20.     The Plaintiff has submitted sufficient and reasonable proof in support of its insurance claim.

21.     As a result of the Defendant's above mentioned breach of contract, the Plaintiff has been damaged in an amount to be determined by a Cape May County Jury.

WHEREFORE, the Plaintiff demands judgment on its Cause of Action against the Defendant for:

a)     Plaintiff's property damages together with lawful interest;



3

b)      Compensatory damages together with lawful interest;

c)      Consequential damages together with lawful interest;

d)      Costs of suit and reasonable attorneys' fees; and

e)      For such other and further relief as this Court deems just and proper.

## JURY DEMAND

The Plaintiff, pursuant to New Jersey Civil Rule 4:35-1, hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Frank P. Winston, Esq., of the law firm Lerner, Arnold & Winston, LLP, is hereby designated as trial counsel for the Plaintiff in the within action.

_____

Frank Winston

Dated: May 15, 2017

## CERTIFICATION

Pursuant to the requirements of New Jersey Civil Rule 4:5-1 (Notice of Other Actions),

I, the undersigned, do hereby certify, to the best of my knowledge, information and belief, that,

except as hereinafter indicated, the subject of the controversy referred to in the within pleading

is not the subject of any other cause of action, pending in any other Court, or of a pending

arbitration proceeding, nor is any other cause of action, arbitration proceeding contemplated:

1. OTHER ACTIONS PENDING? . . . Yes___ No X

   a. If Yes – Parties to other pending actions (see attachment).

   b. In my opinion, the following parties should be joined in the within pending cause of action (see attachment).

2. OTHER ACTIONS CONTEMPLATED? . . . Yes _____ No X

   If Yes - Parties contemplated to be joined in other causes of action (see attachment).

3. ARBITRATION PROCEEDINGS PENDING? . . . Yes _No X

   a. If Yes - Parties to arbitration proceedings (see attachment).

   b. In my opinion, the following parties should be joined in the pending arbitration proceedings (see attachment).

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED? . . .Yes _ No X

   If Yes - Parties contemplated to be joined to arbitration proceedings (see attachment). In the event that during the pending of the within cause of action, I shall become aware of any change as to any facts stated herein, I shall file an Amended Certification, and serve a copy thereof on all other parties (or their attorneys) who have appeared in said cause of action.

Dated: May 15, 2017                Frank Winston



**Appendix XII-B1**

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| **CIVIL CASE INFORMATION STATEMENT (CIS)** | CHG/CK NO. |
| Use for initial Law Division | |
| Civil Part pleadings (not motions) under *Rule* 4:5-1 | AMOUNT: |
| **Pleading will be rejected for filing, under *Rule* 1:5-6(c),** | OVERPAYMENT: |
| **if information above the black bar is not completed** | |
| **or attorney's signature is not affixed** | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Frank Winston | (212) 686-4655 | Cape May |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Lerner, Arnold and Winston, LLP | *CPM - L - 214 - 17* |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 475 Park Avenue South | Complaint and Jury Trial Demand |
| New York, New York 10016 | JURY DEMAND   ■ Yes   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Bolero Corporation t/a Bolero Motel and Blue Water Grille | Bolero Corporation t/a Bolero Motel and Blue Water Grille v. Lexington Insurance Company |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | |
|---|---|---|
| 599 | ☐ YES   ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES   ■ NO |
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ Yes   ■ No | |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ Yes   ■ No | ☐ NONE   ☐ UNKNOWN |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: | |
|---|---|---|
| ■ Yes   ☐ No | ☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) | |
| | ☐ FAMILIAL   ■ BUSINESS | |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES   ■ No |
|---|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ Yes   ■ No | |
| WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| ☐ Yes   ■ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

### Track III - 450 days' discovery
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 292 | PELVIC MESH/BARD |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 289 | REGLAN | 601 | ASBESTOS |
| 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION | 623 | PROPECIA |
| 291 | PELVIC MESH/GYNECARE | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

### Please check off each applicable category   ☐ Putative Class Action   ☐ Title 59

# EXHIBIT B



AIG Property Casualty
Claims Legal

**State of New Jersey**
DEPARTMENT OF BANKING AND INSURANCE
OFFICE OF THE COMMISSIONER
PO BOX 325
TRENTON, NJ 08625-0325

TEL (609) 292-7272

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

**JUN 1 3 2017**
**RECEIVED**

RICHARD J. BADOLATO
*Commissioner*

A
I
G

O
L
0
1
:
S
e
s
s

1

6
/
1
3
/
2
0
1
7

**\*CORRECTED COVER LETTER\***

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

**RECEIVED**
**JUN 1 2 2017**
**LEGAL DEPARTMENT**

June 5, 2017

Attention: Corporate Secretary
Lexington Insurance Company
Legal Department, 18th Floor
100 Summer Street
Boston, MA  02110-2103

RE:     Bolero Corporation t/a Bolero Motel & Blue Water Grille v. Lexington Insurance Company
        Superior Court of New Jersey, Cape May County Law Division
        Docket No.:   L-214-17

Dear Sir/Madam:

        You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter.  A copy of the Order, Summons and Complaint are enclosed herein.

        By copy of this letter I am advising the Attorney for the Plaintiff(s) in this matter and certifying with the Clerk of the Court that the Order, Summons and Complaint have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

                                        Very truly yours,

                                        Debbie Mullen/sc

                                        Debbie Mullen
                                        Administrative Assistant

19437-152/INOSP
C:     Frank P. Winston, Esq.
       Lerner, Arnold & Winston, LLP
       475 Park Avenue South, 28th Floor
       New York, NY 10016

       Clerk of the Superior Court, Cape May County

LERNER, ARNOLD & WINSTON, LLP
Attorneys-At-Law
By: Frank P. Winston, Esq.
Attorney ID No.: 011522004
475 Park Avenue South, 28th Floor
New York, New York 10016
(212) 686-4655
Attorneys for Plaintiff

**FILED**

**MAY 16 2017**

CIVIL DIVISION
~~~~~ COURT-CAPE MAY COU~~

---

| | |
|---|---|
| BOLERO CORPORATION t/a BOLERO MOTEL & BLUE WATER GRILLE, | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION: CAPE MAY COUNTY |
| -against- | DOCKET NO.: *CPM-L-214-17* |
| LEXINGTON INSURANCE COMPANY, | CIVIL ACTION |
| Defendant. | **COMPLAINT AND JURY TRIAL DEMAND** |

---

The Plaintiff Bolero Corporation t/a Bolero Motel, by and through its attorneys Lerner,
Arnold & Winston, LLP, as and for its Complaint and Jury Trial Demand, respectfully alleges
upon information and belief as follows:

### PARTIES AND JURISDICTION

1.      At all times hereinafter mentioned, the Plaintiff Bolero Corporation t/a Bolero
Motel & Blue Water Grille (hereinafter "Plaintiff"), was and still is a domestic corporation
organized and existing under and by virtue of the laws of the State of New Jersey.

2.      At all times hereinafter mentioned, the Defendant Lexington Insurance Company
(hereinafter "Defendant") was and still is a foreign insurance entity domiciled in the State of
Massachusetts.

3.      At all times hereinafter mentioned, the Defendant was and still is authorized by
the New Jersey Department of Banking and Insurance to issue policies of insurance within the


LAW
LERNER · ARNOLD · WINSTON

1

State of New Jersey.

4.      At all times hereinafter mentioned, the Defendant did and still does transact business within the State of New Jersey, including but not limited to the issuance of insurance policies within the State of New Jersey.

**VENUE**

5.      Atlantic/Cape May Vicinage is an appropriate venue for this action pursuant to N.J. Court Rules, Rule 4:3-2(a)(3), in that Plaintiff's cause of action arose in Cape May County. In particular, the Plaintiff's property that is the subject of this action is located at 3320 Atlantic Avenue Wildwood, New Jersey 08260.

**BACKGROUND FACTS AND PLAINTIFF'S CAUSE OF ACTION FOR
BREACH OF CONTRACT AGAINST THE DEFENDANT**

6.      Prior to January 23, 2016, for good and valuable consideration, the Defendant issued to the Plaintiff a policy of insurance, bearing policy number "41-LX-019906121-2/000." (hereinafter referred to as the subject "insurance policy").

7.      The Plaintiff is a named insured within the subject insurance policy.

8.      The subject insurance policy insured the subject premises against all risks of loss.

9.      The subject insurance policy maintained effective dates of coverage from June 1, 2015 to June 1, 2016.

10.     At all times hereinafter mentioned, the Plaintiff maintained an insurable interest via the subject insurance policy.

11.     On and around January 23, 2016, the subject insurance policy afforded the Plaintiff with certain insurance coverage.

12.     On and around January 23, 2016, the subject insurance policy was in full force and effect.



2

13.     On and around January 23, 2016, while the subject insurance policy was in full force and effect, the Plaintiff's property was damaged as a result of a covered cause of loss.

14.     Subsequent to January 23, 2016, and pursuant to the terms of the subject insurance policy, the Plaintiff submitted an insurance claim to the Defendant seeking to be indemnified for the full amount of covered damages to the damaged property.

15.     Subsequent to the Plaintiff's submission of its insurance claim, the Defendant wrongfully denied partial of the Plaintiff's insurance claim.

16.     The Defendant has wrongfully failed to indemnify the Plaintiff for $140,315.91 of the damages to the damaged property as a result of the January 23, 2016 loss, despite the fact the same has been duly demanded.

17.     The Defendant's wrongful denial of the Plaintiff's insurance claim constitutes a breach of contract.

18.     The Defendant's wrongful failure to fully indemnify the Plaintiff for the damaged property as a result of the January 23, 2016 loss constitutes a breach of contract.

19.     The Plaintiff has complied with and shall continue to comply with all of the terms and conditions of the subject insurance policy.

20.     The Plaintiff has submitted sufficient and reasonable proof in support of its insurance claim.

21.     As a result of the Defendant's above mentioned breach of contract, the Plaintiff has been damaged in an amount to be determined by a Cape May County Jury.

WHEREFORE, the Plaintiff demands judgment on its Cause of Action against the Defendant for:

a)      Plaintiff's property damages together with lawful interest;


LERNER · ARNOLD · WINSTON

3

b)      Compensatory damages together with lawful interest;

c)      Consequential damages together with lawful interest;

d)      Costs of suit and reasonable attorneys' fees; and

e)      For such other and further relief as this Court deems just and proper.

## JURY DEMAND

The Plaintiff, pursuant to New Jersey Civil Rule 4:35-1, hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Frank P. Winston, Esq., of the law firm Lerner, Arnold & Winston, LLP, is hereby designated as trial counsel for the Plaintiff in the within action.

_____
Frank Winston

Dated: May 15, 2017



4

## **CERTIFICATION**

Pursuant to the requirements of New Jersey Civil Rule 4:5-1 (Notice of Other Actions), I, the undersigned, do hereby certify, to the best of my knowledge, information and belief, that, except as hereinafter indicated, the subject of the controversy referred to in the within pleading is not the subject of any other cause of action, pending in any other Court, or of a pending arbitration proceeding, nor is any other cause of action, arbitration proceeding contemplated:

1. OTHER ACTIONS PENDING? . . . Yes___ No X

      a. If Yes – Parties to other pending actions (see attachment).

      b. In my opinion, the following parties should be joined in the within pending cause of action (see attachment).

2. OTHER ACTIONS CONTEMPLATED? . . . Yes _____ No _X

If Yes - Parties contemplated to be joined in other causes of action (see attachment).

3. ARBITRATION PROCEEDINGS PENDING? . . . Yes _No X

      a. If Yes - Parties to arbitration proceedings (see attachment).

      b. In my opinion, the following parties should be joined in the pending arbitration proceedings (see attachment).

4. OTHER ARBITRATION PROCEEDINGS CONTEMPLATED? . . .Yes _ No X

If Yes - Parties contemplated to be joined to arbitration proceedings (see attachment). In the event that during the pending of the within cause of action, I shall become aware of any change as to any facts stated herein, I shall file an Amended Certification, and serve a copy thereof on all other parties (or their attorneys) who have appeared in said cause of action.

Dated: May 15, 2017

                                  _____

                                   Frank Winston



**Appendix XII-B1**



| **CIVIL CASE INFORMATION STATEMENT**<br>**(CIS)**<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**<br>**if information above the black bar is not completed**<br>**or attorney's signature is not affixed** | FOR USE BY CLERK'S OFFICE ONLY<br>PAYMENT TYPE: ☐CK ☐CG ☐CA<br>CHG/CK NO.<br><br>AMOUNT:<br><br>OVERPAYMENT:<br><br>BATCH NUMBER: |
|---|---|

| ATTORNEY / PRO SE NAME<br>Frank Winston | TELEPHONE NUMBER<br>(212) 686-4655 | COUNTY OF VENUE<br>Cape May ▼ |
|---|---|---|
| FIRM NAME (if applicable)<br>Lerner, Arnold and Winston, LLP | colspan | DOCKET NUMBER (when available)<br>*CPM - L - 214 - 17* |
| OFFICE ADDRESS<br>475 Park Avenue South<br>New York, New York 10016 | colspan | DOCUMENT TYPE<br>Complaint and Jury Trial Demand<br><br>JURY DEMAND  ■ Yes  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Bolero Corporation t/a Bolero Motel<br>and Blue Water Grille | CAPTION<br>Bolero Corporation t/a Bolero Motel and Blue Water Grille v. Lexington<br>Insurance Company |
|---|---|

| CASE TYPE NUMBER<br>(See reverse side for listing)<br><br>599 | HURRICANE SANDY<br>RELATED?<br>☐ YES  ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW<br>REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|---|
| RELATED CASES PENDING?<br>☐ Yes  ■ No | colspan | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ Yes  ■ No | colspan | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR<br>RECURRENT RELATIONSHIP?<br>■ Yes  ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL   ■ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ■ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR
ACCELERATED DISPOSITION

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ Yes  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 10/01/2016, CN 10517

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | |
|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 292   PELVIC MESH/BARD |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 293   DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295   ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296   STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297   MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299   OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300   TALC-BASED BODY POWDERS |
| 289 | REGLAN | 601   ASBESTOS |
| 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION | 623   PROPECIA |
| 291 | PELVIC MESH/GYNECARE | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

### Please check off each applicable category   ☐ Putative Class Action   ☐ Title 59



AIG Property Casualty
Claims Legal

**State of New Jersey**
DEPARTMENT OF BANKING AND INSURANCE
OFFICE OF THE COMMISSIONER
PO BOX 325
TRENTON, NJ 08625-0325

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

TEL (609) 292-7272

JUN 1 3 2017

**RECEIVED**

RICHARD J. BADOLATO
*Commissioner*

A
I
G

O
L
0
1
:
S
e
s
s

1

6
/
1
3
/
2
0
1
7

**\*CORRECTED COVER LETTER\***

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

**RECEIVED**
JUN 1 2 2017
LEGAL DEPARTMENT

June 5, 2017

<u>Attention</u>: Corporate Secretary
Lexington Insurance Company
Legal Department, 18th Floor
100 Summer Street
Boston, MA 02110-2103

RE:     Bolero Corporation t/a Bolero Motel & Blue Water Grille v. Lexington Insurance Company
          Superior Court of New Jersey, Cape May County Law Division
          <u>Docket No.:   L-214-17</u>

Dear Sir/Madam:

        You are hereby notified that on this date the Commissioner of the New Jersey Department of Banking and Insurance has accepted original service of process on your behalf in the above-captioned matter. A copy of the Order, Summons and Complaint are enclosed herein.

        By copy of this letter I am advising the Attorney for the Plaintiff(s) in this matter and certifying with the Clerk of the Court that the Order, Summons and Complaint have been transmitted to you, and confirming that the Commissioner of Banking and Insurance is not authorized to receive service of any further documents in this action.

                                        Very truly yours,

                                        Debbie Mullen/se

                                        Debbie Mullen
                                        Administrative Assistant

19437-152/INOSP
C:     Frank P. Winston, Esq.
         Lerner, Arnold & Winston, LLP
         475 Park Avenue South, 28th Floor
         New York, NY 10016

         Clerk of the Superior Court, Cape May County